**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY WRIGHT-GRAY, individually**<br>**and on behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.   09 C 4414** |
| **v.** | ) | |
| | ) | |
| **THE ILLINOIS DEPARTMENT OF** | ) | **HONORABLE DAVID H. COAR** |
| **HEALTHCARE AND FAMILY SERVICES** | ) | |
| **(formerly the Illinois Department of Public** | ) | |
| **Aid); BARRY S. MARAM, in his official** | ) | |
| **capacity as Director; BARRY S. MARAM, in** | ) | |
| **his individual capacity; and DOES 1 – 10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Kimberly Wright-Gray, as a putative class representative, has filed suit under 42 U.S.C.

§ 1983 against the Illinois Department of Healthcare and Family Services ("IDHFS"), its director

Barry S. Maram, in both his official and individual capacities, and ten "Doe" defendants.  She

alleges that the defendants violated federal Medicaid law, the Fifth and Fourteenth Amendments,

and various provisions of Illinois law by asserting an automatic lien against her workers'

compensation settlement in order to recoup the cost of medical services that the state Medicaid

program paid on her behalf.  She seeks both monetary and injunctive relief.  IDHFS and Maram

have moved to dismiss the complaint.  For the following reasons, the motion to dismiss is

GRANTED in part and DENIED in part.

## FACTS

The factual allegations in the complaint, which the court must accept as true for present

purposes, are as follows: After sustaining work-related injuries to her right knee and to her

hands, Kimberly Wright-Gray received medical benefits under Illinois' Medicaid program. She also settled a workers' compensation claim with her employer. Like the "vast majority" of such settlements, Wright-Gray's $8500 settlement did not include any reimbursement for the medical services she sought as a result of her injuries. Pursuant to state law, IDHFS (which administers Illinois' Medicaid program) asserted an automatic lien on Wright-Gray's settlement funds. In order to receive the balance of her funds, Wright-Gray had to write IDHFS a check, drawn against those funds, to repay the cost of the medical expenses that Illinois' Medicaid program had paid on her behalf. IDHFS continues its general practice of asserting liens on, and collecting payments from, third-party settlements of Medicaid recipients even when those settlements do not include any compensation for medical services.

## **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that is, "a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (*Twombly* applies to "all civil actions"). This requirement imposes two relatively low hurdles. *First*, a complaint "must describe the claim in sufficient detail to give the defendant 'fair notice of what the claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964). *Second*, the allegations "must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *Concentra*, 496 F.3d at 776. If the allegations do not suggest a right to relief—if for instance, a plaintiff relies merely on conclusions, labels, or formulaic recitations of the elements of a cause of action—a Rule 12(b)(6) motion should be

granted.  *Twombly*, 550 U.S. at 570.

## ANALYSIS

### Count I: Monetary Damages

In Count I, Wright-Gray seeks monetary damages under § 1983, naming as defendants IDHFS and its director, Barry S. Maram, in both his official and individual capacities.  No matter the named defendant, Count I is barred by the Eleventh Amendment.

The principle of sovereign immunity is a fundamental constitutional limitation on the federal judicial power.[1]  *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).  It bars any suit brought in a federal court against an unconsenting state by its own citizens or by citizens of another state.  *Id.*; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citations omitted); *see* U.S. CONST. amend. XI.  Sovereign immunity bars legal as well as equitable relief where the state or one of its agencies is the named defendant.  *Pennhurst*, 465 U.S. at 100; *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008) (state agencies treated as state for sovereign-immunity purposes).

IDHFS is a department of Illinois state government created under Illinois law, *see* 20 ILCS 5/5-15, and is therefore immune from suit.  Indeed, IDHFS used to be known as the Illinois Department of Public Aid—precisely the agency that was immune from suit in *Edelman*, 415 U.S. at 653.  Nothing has changed but the name, and Illinois still declines to waive its sovereign immunity to suit in federal court.  *See* 705 ILCS 505/1 *et seq.*; 745 ICLS 5/1.  Therefore, IDHFS must be dismissed as a named defendant in this lawsuit.

Naming Barry S. Maram as a defendant will not remove the sovereign-immunity bar to

---

[1] This point may easily mislead, by making sovereign immunity sound like a doctrine of subject-matter jurisdiction. But obviously it is not; true jurisdictional matters cannot be waived, unlike sovereign immunity. *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008) (citing *Lapides v. Univ. of Georgia*, 535 U.S. 613 (2002)).  The parties debate this issue at some length in their briefs, but it suffices here to say that because sovereign immunity is not a true jurisdictional doctrine, the court construes the present motion to dismiss as a motion under Rule 12(b)(6).

Count I.  *First*, Wright-Gray names Maram in his official capacity as director of IDHFS.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Edelman*, 415 U.S. 651 (sovereign immunity bars monetary relief where director of Illinois Department of Public Aid is named defendant).  Thus, naming Maram in his official capacity will not allow Wright-Gray to sue for monetary damages.

*Second*, Wright-Gray names Maram in his individual capacity.  A state official is amenable to an individual-capacity suit for damages under § 1983, provided that the wrongful conduct is "fairly attributable to the officer himself" and "the relief is sought not from the state treasury but from the officer personally." *Alden v. Maine*, 527 U.S. 706, 757 (1999).  Wright-Gray's incantation of "individual capacity," however, comes to nothing more than an exercise in captioning a lawsuit; if permitted, it would turn the doctrine of sovereign immunity into a hollow formalism. *See Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997) ("The real interests served by the Eleventh Amendment must not be sacrificed to elementary mechanics of captions and pleading.").

Wright-Gray alleges nothing that could sustain a suit against Maram in his individual capacity.  Her complaint is entirely fueled by the allegation that "*the State of Illinois passed laws* under which, when a Medicaid recipient obtains a workers' compensation settlement following payment of medical costs on his or her behalf, a lien is automatically imposed on the settlement." (Compl. ¶ 21, emphasis added.)  Pursuant to these state laws, she alleges, "the State of Illinois has received monies in violation of federal law." (*Id.* ¶ 2.)  Wright-Gray has a problem with Illinois law—it conflicts with federal statutory and constitutional law, on her understanding—not

with the individual conduct of Barry Maram. He figures in the complaint merely as the state

executive official in charge of the agency that enforces the allegedly invalid law. That makes

him a classic *Ex parte Young* defendant, because he would precisely *not* "come to court as [an]

individual[]." *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) (damages available under § 1983 for

wrongful termination by state executive official sued in individual capacity). Thus, there is no

basis for an individual-capacity suit against him.

It is also clear that any damages awarded to Wright-Gray on account of an infirm Illinois

law would be payable out of the public fisc, not out of Maram's own pocket—and not because of

any indemnification arrangement the state might have with its executive officials. "When the

action is in essence one for the recovery of money from the state, the state is the real, substantial

party in interest" and the suit is barred by sovereign immunity. *Edelman*, 451 U.S. at 663

(quotation marks and citation omitted). That is obviously the case with Count I of the complaint,

and naming Maram in his individual capacity will not license an end-run around the Eleventh

Amendment in a suit for monetary relief that would run against the state of Illinois. Count I of

the complaint is therefore dismissed as to all defendants. To the extent that he is sued in his

individual capacity, Maram is also dismissed as a named defendant.

### *Count V: Injunctive Relief*

In Count V, Wright-Gray seeks injunctive relief. Sovereign immunity does not bar a suit

for injunctive relief where an appropriate state-executive official is named as the defendant in his

or her official capacity. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908). Injunctive relief

under *Ex parte Young* is available for violations of federal statutory as well as constitutional law.

*See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Thus, Wright-

Gray may proceed on Count V, provided that (1) her request for an injunction adequately alleges

an ongoing violation of federal law, *see id.* at 646, and (2) the relief she seeks is prospective. *See Edelman*, 415 U.S. at 664-67. The court addresses these issues in turn.

*First*, Wright-Gray alleges that whenever an Illinois Medicaid recipient such as herself receives a workers' compensation settlement, the state automatically imposes a lien on the funds even when the settlement offers no "recovery for medical services," which the "overwhelming majority" of settlements do not. (Compl. ¶¶ 21, 27-28.) This adequately alleges an ongoing violation of the federal Medicaid statutes, 42 U.S.C. § 1396 *et seq*.

The Supreme Court's decision in *Arkansas Dep't of Heath and Human Servs. v. Ahlborn* controls. *See* 547 U.S. 268 (2006). In *Ahlborn*, an Arkansas Medicaid recipient obtained a tort settlement following payment of medical costs on her behalf by the state's Medicaid program. *Id.* at 273. State law automatically imposed a lien on the settlement, in the amount of the state's Medicaid payments on her behalf, and required her to satisfy the lien by payment from settlement proceeds that were intended to compensate her for damages other than her medical costs. *Id.* at 272. The Court held that the state law violated the anti-lien provision of the federal Medicaid statutes, *id.* at 292; *see* 42 U.S.C. § 1396p, which prohibits a state from encumbering any funds from a Medicaid recipient's third-party settlement that are not designated as payments for medical care. *Ahlborn*, 547 U.S. at 284. Wright-Gray alleges that Illinois did to her precisely what Arkansas did to Ahlborn; thus, she has adequately pled a claim for injunctive (or, as in *Ahlborn*, declaratory) relief.[2] *See id.* at 247.

*Second*, Wright-Gray's possible relief is limited to a *prospective* injunction. *See Edelman*, 415 U.S. at 664-67. Her brief indicates that she contemplates a twofold injunction: (1) an order barring the state from continuing to assert liens that contravene federal Medicaid law,

---

[2] In light of this holding, the court sees no need to speculate as to what Wright-Gray might have in mind when she alleges, without explanation, that Illinois is also violating the Fifth and Fourteenth Amendments.

and (2) an order requiring IDHFS to return the settlement proceeds that were wrongfully taken from her or any other putative class member. (R.26, Pl.'s Opp'n at 7.) The first of these proposed orders is straightforwardly prospective; enjoining the enforcement of an infirm statute is the paradigmatic form of relief in an *Ex parte Young* action. To that extent, Count V of the complaint states a viable claim on which to proceed.

However, the Eleventh Amendment bars this court from ordering the state of Illinois to compensate Wright-Gray or any other putative class members for *past* violations of federal Medicaid law. Such an order would be retrospective relief and impermissible under the regime of *Edelman*, 415 U.S. at 664-68. In *Edelman*, the Supreme Court reversed an order enjoining officials of the Illinois Department of Public Aid to remit all benefits payable under the auspices of a federal-state program that had been wrongfully withheld as a result of *past* violations of federal law. *See id.* Wright-Gray's allegations are not materially distinguishable from these facts; her allegations are, in practical effect, equivalent to saying that IDHFS has not disbursed the full benefits she is entitled to under federal law, since IDHFS has wrongfully recouped the cost of those benefits from her workers' compensation settlement. Calling such compensation "restitution" or "equitable in nature" (R.26, Pl.'s Opp'n at 7) will not help. *See Edelman*, 415 U.S. at 668 ("While the Court of Appeals described this retroactive award of monetary relief as a form of 'equitable restitution,' it is in practical effect indistinguishable in many aspects from an award of damages against the State."). As the Court explained, the award of past benefits wrongfully withheld would "to a virtual certainty be paid from state funds" and would be "measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." *Id.*; *see also Frew v. Hawkins*, 540 U.S. 431, 437 (2004) ("Federal courts may not award retrospective relief, for instance money damages or its equivalent, if the

State invokes its immunity."). An order requiring repayment of any third-party settlement funds that IDHFS recouped in violation of 42 U.S.C. § 1396p would therefore violate the Eleventh Amendment's prohibition of retroactive monetary awards against a state treasury.

As the Supreme Court has consistently held, "[r]emedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (internal citation and quotation marks omitted). Wright-Gray may not seek monetary compensation in this court for past violations of federal law by Illinois state officials. She may seek to enjoin any ongoing violations of federal law that fact discovery in this case reveals, but that is all.

### *Counts II-IV: State-Law Claims*

Wright-Gray also asserts three state-law causes of action: a wrongful taking under the Illinois Constitution (Count II), as well as Illinois common-law actions for unjust enrichment (Count III) and breach of contract (Count IV). "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121. And "this principle applies as well to state-law claims brought into federal court under pendent jurisdiction." *Id.* Thus, a federal court may not exercise supplemental jurisdiction over state-law claims in an *Ex parte Young* action such as this one. *See id.* Accordingly, Counts II-IV of the complaint are dismissed.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED in part and DENIED in part. Counts I-IV are dismissed. Count V may proceed, but only to the extent that it seeks prospective injunctive relief. IDHFS and Maram, in his individual capacity,

are dismissed as named defendants.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

**Dated: January 26, 2010**